IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENNA MCELHONE, as Executrix )
of the Estate of Albert F. )
McElhone, Jr., deceased; and )
GLENNA A. MCELHONE, in her own )
right ) Civil Action No. 06-1111
)
    Plaintiffs, )
)
        v. )
)
BEAZER EAST, INC., )
)
    Defendant. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                           April 27, 2011

This is an action in tort. Plaintiff, Glenna A. McElhone, Executrix of the Estate of Albert F. McElhone, Jr., decedent ("McElhone"), alleges that defendant, Beazer East, Inc. ("Beazer"), a Pennsylvania corporation and decedent's former employer, caused decedent to contract mesothelioma due to his exposure to and inhalation of asbestos fibers from products sold, supplied and distributed on the premises of Beazer. McElhone seeks monetary relief including compensatory and punitive damages.

McElhone moves for remand on the ground that Beazer improperly removed this action to federal court. On July 6, 2006, McElhone filed this case as a civil action in the Court of Common Pleas of Allegheny County, Pennsylvania. On or about August 21, 2006, Beazer removed the state action to the United States District

for the Western District of Pennsylvania.

On August 31, 2006, McElhone filed her first motion to remand the case. Prior to any ruling on that motion, the case was transferred from the Western District of Pennsylvania to the Eastern District of Pennsylvania's United States Judicial Panel in IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION, MDL 875 (E.D. Pa. Civ. No. 07-63082)("MDL court"), a multidistrict asbestos litigation. On January 24, 2011, the MDL court transferred the case back to the Western District of Pennsylvania, pursuant to a Conditional Remand Order from the MDL court [Doc. No. 11].

This matter is now before the court on plaintiff's second motion to remand [Doc. No. 15]. For the reasons set forth below, the motion will be denied.

I. BACKGROUND

Unless otherwise indicated, for purposes of deciding the pending motion to remand only, the following facts are undisputed.

In 2010, Beazer filed a motion for summary judgment in the MDL court under 28 U.S.C. § 1442(a)(1) pursuant to the "federal contractor defense." Following oral argument on Beazer's motion for summary judgment, the MDL court denied its motion, and at the same time entered summary judgment on this issue in favor of McElhone by an Order of Court dated November 5, 2010. On November 16, 2010, the

Court then remanded the case back to the Court of Common Pleas of Allegheny County, Pennsylvania.

On November 19, 2010, Beazer filed a motion for reconsideration of the MDL court's denial of summary judgment. The MDL court denied Beazer's motion of reconsideration. On November 30, 2010, Beazer also filed a motion for reconsideration of the MDL court's Order remanding the case to state court.

On January 3, 2011, the MDL court reversed its earlier order remanding this case to the Court of Common Pleas of Allegheny County citing that it denied Beazer's summary judgment motion in error. The MDL court also vacated the remand to state court and ordered that the case be transfered back to the Western District of Pennsylvania. McElhone filed a motion for reconsideration. Before her motion could be addressed, the MDL court transferred the case back to the Western District of Pennsylvania pursuant to its Conditional Remand Order. [Doc. No. 11].

McElhone again contends that the case should be remanded to the Court of Common Pleas for Allegheny County for two reasons: 1) neither the Western District of Pennsylvania nor the MDL court in the Eastern District of Pennsylvania ruled on the merits of McElhone's motion for remand for Beazer's failure to remove the case within 30 days pursuant to 28 U.S.C. § 1446(b); and 2) the MDL court already determined that no issue of fact remains with respect to the

"federal contractor defense."

Beazer opposes the motion to remand contending McElhone served the complaint on the law firm of Cabraja, Silverberg & White, who had no relation to Beazer in 2006 and was not their authorized agent for service. In addition, McElhone improperly served their complaint via certified mail, which goes against Pa.R.Civ.P. 424. However, once it was notified that a complaint was filed against them, Beazer's notice of removal fell within 30 days of Beazer's initial notification of the complaint, as required under 28 U.S.C. § 1442(b). As for McElhone's second contention, Beazer responds by saying that the MDL court amended their previous summary judgment ruling, stating that there is a genuine issue of material fact as to whether Beazer met the elements of the "federal contractor defense."

II. STANDARD OF REVIEW

In a case that involves nondiverse parties, the district court is required to determine the existence or nonexistence of a federal question in a removed case when a motion to remand is made by one of the parties or on its own when not so raised.

When parties dispute whether subject matter jurisdiction exists on removal, defendant bears the burden to show that removal was proper. Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995). For both removal and original jurisdiction, the

federal question must appear on the face of the complaint unaided by the answer, counterclaim or petition for removal. Gully v. First National Bank, 299 U.S. 109, 113 (1936). If it does not appear there, "no statement in the petition for removal . . . can supply that want." Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464 (1894). Moreover, the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

However, a defendant can seek removal of an action under 28 U.S.C. § 1442(a)(1), the "federal contractor defense." To do so, defendant must raise a colorable claim to a federal law defense and establish that there is a causal connection between McElhone's claims and acts it performed under color of federal office. See Mesa v. California, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

The "federal contractor defense," as stated in Boyle v. United Technologies Corp., 487 U.S. 500 (1988), displaces state law where "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Hagen v. Benjamin Foster Co., 739 F.Supp.2d 770, 783 (E.D. Pa. 2010) (citing Boyle, 487 U.S. at 512). A defendant

who satisfies these elements overcomes the well-pleaded complaint rule and gains access to federal court where no federal question is presented by the plaintiff. Id. at 137.

III. DISCUSSION

a. Timing of Removal

McElhone contends that the case should be remanded to the Court of Common Pleas for Allegheny County, Pennsylvania because neither the Western District of Pennsylvania nor the MDL court in the Eastern District of Pennsylvania ruled on the merits of McElhone's first motion for remand for Beazer's failure to remove this case within 30 days pursuant to 28 U.S.C. § 1446(b).

Beazer opposes the motion to remand contending McElhone served the complaint on the law firm of Cabraja, Silverberg & White, who had no relation to defendant in 2006 and was not their authorized agent for service. In addition, Beazer contends that McElhone improperly served their complaint via certified mail, which goes against Pa.R.Civ.P. 424.[1] However, once notified that the complaint

---

[1] Rule 424 states that "[s]ervice of original process upon a corporation. . . shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:"
 . . .
   (3) an agent authorized by the corporation or similar
   entity in writing to receive service of process for it.
Pa.R.Civ.P. 424 (emphasis added).

was filed against them by McElhone, Beazer filed a notice of removal within 30 days of Beazer's initial notification of the complaint, as required under 28 U.S.C. § 1446(b) ("section 1446(b)").

The timing for removal of actions to federal court is governed by section 1446(b), which provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

§ 1446(b). In regards to service of process, the federal court must look to the law of the state in which the action was commenced to determine its validity. DiCesare-Engler Productions, Inc. v. Mainman Ltd., 421 F.Supp. 116, 120 (W.D.Pa. 1976).

In the present case, McElhone admitted Beazer's allegations that she improperly served the complaint on Cabraja, Silverberg & White, an unauthorized agent for service. Moreover, McElhone served the complaint via certified mail in violation of Pennsylvania law, which requires the complaint to be hand delivered. In light of McElhone's improper attempts at service, Beazer contends they were not notified or in receipt of McElhone's complaint until on or about July 24, 2006. Beazer then filed its notice for removal

on or about August 21, 2006, within 30 days of Beazer's actual notification of the complaint, as required by section 1446(b). Thus, with this assertion remaining undisputed by McElhone, the court recognizes in favor of the nonmoving party that the action was validly removed within 30 days of the date that McElhone notified Beazer that she filed a complaint.

### b. Federal Contractor Defense

McElhone contends the case should be remanded to state court because the court has already determined that no issue of fact remains with respect to the "federal contractor defense." Beazer responds by saying that the MDL court amended its previous summary judgment ruling, stating that there is a genuine issue of material fact as to whether Beazer met the elements of the "federal contractor defense."

In the present case, Beazer filed a motion for summary judgment in the MDL court pursuant to the "federal contractor defense." McElhone is correct that Beazer's Motion for Summary Judgment was originally denied on November 5, 2010 by the MDL court. However, in a January 3, 2011 Order, the MDL court later amended its entry of summary judgment holding or finding it erred by that granting summary judgment for McElhone and remanding the action back to state court. The court stated that there remains a genuine issue of material fact as to whether Beazer is entitled to the "federal contractor

8

defense." While there was no accompanying memorandum to the January 3, 2011 Order explaining the MDL court's decision, there is no evidence that the court did not properly reconsider its summary judgment order when it amended its judgment and vacated the order to remand the action back to state court.

Moreover, at this stage of the litigation, it would be unreasonable for this Court to engage in a detailed analysis of the "federal contractor defense" and attempt to gauge the likelihood of success. As directed in the MDL court's January 3, 2011 Order, Beazer has raised a colorable claim to such a defense, the validity of which should be judged by federal standards in a federal district court. See Willingham v. Morgan, 395 U.S. 402, 406-07 (1969). Thus, McElhone's allegations that Beazer has not proven the "federal contractor defense" should not preclude Beazer from raising the defense at trial in federal court.

IV. CONCLUSION

For the aforementioned reasons, this court holds in accordance with the MDL court's judgment that the federal court retains subject matter jurisdiction. Therefore, we deny the motion to remand.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLENNA MCELHONE, as Executrix )
of the Estate of Albert F. )
McElhone, Jr., deceased; and )
GLENNA A. MCELHONE, in her own )
right ) Civil Action No. 06-1111
)
       Plaintiffs, )
)
       v. )
)
BEAZER EAST, INC., )
)
       Defendant. )

## ORDER

AND NOW, this 27 day of April, 2011 upon consideration of plaintiff's Motion to Remand [Doc. No. 15], IT IS HEREBY ORDERED THAT the motion is DENIED.

BY THE COURT,

_____, C.J.

cc: All counsel of record